IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 6:95-CR-284-1 |
| | ) | |
| MATTHEW DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In 1995, the defendant, Matthew Davis, pled guilty to two drug crimes and a related firearms charge. *See* Doc. 259-1. He has been in prison since and now seeks a sentence reduction under the compassionate release provisions of the First Step Act. 18 U.S.C. § 3582(c)(1)(A). It is undisputed that he has exhausted his administrative remedies and that he is eligible for a sentence reduction under Sentencing Commission guidance applicable to pre-First Step Act compassionate release requests. The Court finds extraordinary reasons supporting compassionate release and will grant the motion.

Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances. Before passage of the First Step Act of 2018, district courts could grant compassionate release sentence reductions only upon a motion by the Bureau of Prisons Director. *See* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984); *see also Green v. Apker*, No. 5:13–HC–2159–FL, 2014 WL 3487247, at *2 (E.D.N.C. July 11, 2014) (collecting cases and noting that "BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable").

The Sentencing Commission adopted U.S.S.G. § 1B1.13 as the applicable policy statement for motions filed by the BoP Director under § 3582(c)(1)(A). The guideline essentially repeats the statutory prerequisites and adds only a requirement that the defendant must not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

In 2018, Congress passed the First Step Act. Pub. L. 115-391, 132 Stat. 5194. Among other things, it amended § 3582(c)(1)(A) to add a provision allowing courts to consider motions by defendants for compassionate release without a motion by the BoP Director so long as the defendant has asked the Director to bring such a motion and the Director fails or refuses, with the stated intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239.[1] *See United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). The First Step Act applies the same statutory requirements to a defendant's motion for compassionate release as previously applied, and still apply, to motions by the Director: "extraordinary and compelling reasons" must warrant the reduction,[2] the court must consider the § 3553(a) factors, and the reduction must be "consistent" with any "applicable" policy statements

---

[1] Specifically, courts may now consider motions for compassionate release "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); *see also* First Step Act of 2018, Pub. L. 115-391, Title VI § 603, 132 Stat. 5194 (Dec. 21, 2018).

[2] The other statutory possibility concerns age and sentence length requirements that Mr. Davis does not meet. *See* § 3582(c)(1)(A)(ii). The Court will not discuss them further.

issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission has not yet adopted a policy statement applicable to motions for compassionate release filed by defendants under the First Step Act. *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505 at *6 (M.D.N.C. June 28, 2019).[3]

Although there is no policy statement applicable to a defendant's motion for compassionate release which constrains the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i), *see Beck*, 2019 WL 2716505 at *6, the old policy statement does provide some assistance. Unsurprisingly, it overlaps to some extent with statutory considerations. For example, the old policy statement requires courts to consider the defendant's dangerousness, U.S.S.G. § 1B1.13(2), and that is also a part of the § 3553(a) requirement that courts consider the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(C). Similarly, the old policy statement says that a defendant's medical condition can be an appropriate reason for a sentence reduction, U.S.S.G. § 1B1.13, cmt. n. 1(A), (B), and one of the § 3533(a) factors is a defendant's need for medical treatment. *See* 18 U.S.C. § 3553(a)(2)(D).

As is specifically relevant here, the old policy statement indicates compassionate release is appropriate for defendants who are at least 65 years old, who are experiencing a

---

[3] By its terms, the old policy statement applies to motions for compassionate release filed by the BoP Director and makes no mention of motions filed by defendants. U.S.S.G. § 1B1.13 ("Upon motion of the Director of the [BoP] . . . the court may reduce a term of imprisonment."); *id.* at application note 4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons.").

3

serious deterioration in physical health because of the aging process, and who have served at least 10 years or 75 percent of their term of imprisonment, whichever is less. U.S.S.G. § 1B1.13 cmt. n. 1(B).

It is undisputed and the Court finds that Mr. Davis has exhausted his administrative remedies. Indeed, the warden has three times recommended him for compassionate release, but the Bureau of Prisons has overruled that recommendation in view of the serious nature of the underlying offenses.

It is further undisputed and the Court finds that Mr. Davis meets the age, time served, and health condition requirements of Application note 1(B). Mr. Davis is now 69 years old and has been in custody for over twenty-five years. He suffers from a myriad of very serious health problems, which BoP records indicate are "permanent, progressive, and deteriorating." Doc. 269-1 at 77.

In addition to meeting the requirements of Application note 1(B), the § 3553(a) factors support compassionate release. Mr. Davis has only two minor disciplinary citations and many positive accomplishments while in prison. Certainly his underlying offenses are very serious,[4] but twenty-five years is a very long time to be in prison. Mr. Davis is now serving his sentence in a halfway house, indicating that the Bureau of Prisons does not have public safety concerns about Mr. Davis's presence in the community. He has stable family members who will provide a place for him to live and

---

[4] The Court rejects the defendant's arguments attempting to undermine the seriousness of his crimes. These were serious drug offenses and the defendant possessed a firearm in connection with one of them. *See* Doc. 259-1 at ¶¶ 4-12.

4

community support. Mr. Davis is scheduled to complete his sentence and begin supervised release this summer. Given his age and health problems, the risk of recidivism is low.

The Court finds and concludes that the defendant has shown that "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i).

It is **ORDERED** that the defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), Doc. 269, is **GRANTED**. His sentence will be reduced to time served, with supervised release for eight years to follow on terms previously imposed. This sentence will be stayed for fourteen days to give BoP time to implement it and to give the Probation Office time to evaluate Mr. Davis's proposed residence. Judgment will be entered separately. The Clerk shall provide a copy of this Order to the Probation Office.

This the 25th day of February, 2020.

_____
UNITED STATES DISTRICT JUDGE